UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHAUN BARKLEY, : | |
| Petitioner, : | Civ. No. 01-4530 (KM) |
| v. : | |
| ALFARO ORTIZ, et al., : | OPINION |
| Respondents. : | |

**KEVIN MCNULTY, U.S.D.J.**

### I.   INTRODUCTION

Petitioner, Rashaun Barkley, is a state prisoner. Mr. Barkley's *pro se* petition for writ of habeas corpus that he filed pursuant to 28 U.S.C. § 2254 was denied on the merits. Presently pending before this Court is Mr. Barkley's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), (3) and (6). This Court will order the Clerk to reopen this case so that this motion can be ruled upon. For the following reasons, the motion for relief from judgment will be denied and the file will again be closed.

### II.   BACKGROUND

Mr. Barkley's habeas petition was denied on August 16, 2004. In 2006, the United States Court of Appeals affirmed that decision. Thereafter, Mr. Barkley filed several motions for relief from judgment. These were denied in April 2011, June 2011, January 2012, and June 2012. (ECF nos. 57, 67, 78, 81) The Court noted in the June 2012 Order, that while Mr. Barkley had styled his motion as a Rule 60(b) motion, it actually constituted a second or successive § 2254 habeas petition that lacked the required authorization from the Third Circuit.

On April 28, 2016, this Court received Mr. Barkley's latest Rule 60(b) motion. Because Judge Hochberg has now retired from the bench, the matter was reassigned to me. Mr. Barkley invokes Rule 60(b)(1), (3), and (6) to support his motion for relief from judgment. Mr. Barkley states that since his habeas petition, he has learned that there was possibly a plea offer that was never relayed to him by defense counsel. Furthermore, Mr. Barkley asserts that during a malpractice action against his defense counsel, he discovered that his entire file had been lost or destroyed by the Public Defender's Office and/or his defense counsel. He requests relief from judgment that denied his habeas petition so that this Court can have a complete record in which to give a full examination to the issues involved in his case.

### III. DISCUSSION

Federal Rule of Civil Procedure 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). With respect to Rule 60(b)(1), (2), and (3), a petitioner must bring the motion no more than a year after the entry of judgment. In this case, Mr. Barkley has brought this 60(b) motion 12 years after the habeas judgment from which he seeks relief was filed (and

2

four years after the denial of his last Rule 60 motion). Therefore, he cannot rely on Rule 60(b)(1) or (3) to support his motion.

Accordingly, to be successful, Mr. Barkley must show that he is entitled to relief pursuant to Rule 60(b)(6). As one court in this District has explained:

> Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014), *cert. denied sub nom.*, *Wetzel v. Cox*, 135 S. Ct. 1548, 191 L.Ed. 2d 663 (2015)
>
> Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." *Weber v. Pierce*, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted); *see also Cox*, 757 F.3d at 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).
>
> Further, where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(b). The Third Circuit has explained that,
>
>> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.
>
> *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

*Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1–2 (D.N.J. Aug. 3, 2016).

3

Mr. Barkley's motion appears to be a sort of hybrid. To the extent that he asserts that counsel was ineffective for failing to relay a plea offer to him, he is challenging the underlying conviction. As described above, this is not an appropriate subject of a Rule 60(b) motion; it is in substance a second or successive habeas petition. Mr. Barkley does not assert that he has received authorization from the United States Court of Appeals for the Third Circuit for such a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court is without jurisdiction to address the claim.[1]

However, Mr. Barkley also appears to be challenging this Court's initial denial of his habeas petition by asserting that this Court did not have access to his trial file. Because the motion attacks something other than the criminal conviction per se, it might be regarded as something distinct from a successive habeas petition.

Under Rule 60(b)(6), a court

> may relieve a party from a final judgment for any reason that justifies relief. The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show "extraordinary circumstances" to justify reopening a final judgment. *Gonzalez*, 545 U.S. at 536.

> [E]xtraordinary circumstances involve[ ] a showing that[,] without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." This "hardship" requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits."

---

[1] This Court does not find it in the interest of justice to transfer this motion to the Third Circuit as a request to file a second or successive habeas petition. *See* 28 U.S.C. § 1631. While Mr. Barkley alludes to the "possibility" that a plea offer was relayed to his counsel, he does not state what the plea offer was, nor does he state that he would have accepted this purported plea offer. Of course, Mr. Barkley is free to separately file a request with the Third Circuit to file a second or successive habeas petition should he elect to do so.

4

*Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1532, 191 L.Ed. 2d 562 (2015), *reh'g denied*, 135 S. Ct. 1918, 191 L.Ed. 2d 781 (2015) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)).

Mr. Barkley fails to meet the high "extraordinary circumstances" standard. He alludes to the purported lack of a full trial record before this Court, yet he does not state what part of the record this Court lacked or how the allegedly missing material could have changed a result of his habeas petition. He states that his trial attorney, as of the time of a malpractice action (apparently filed in 2014, some 20 years after his criminal conviction), no longer possessed his file.[2] That in itself does not furnish grounds for relief. Nor does the absence of an office file 20 years post-conviction suggest the "possibility" that the habeas petition, 10 years post-conviction, was not fairly litigated or decided.

Therefore, petitioner fails to satisfy the high standard under Rule 60(b)(6). He has not shown that he would suffer extreme or unexpected hardship if this Court does not grant him relief.

### IV.   MOTION TO APPOINT PRO BONO COUNSEL

Mr. Barkley has also filed a motion to appoint pro bono counsel. Petitioner does not have a constitutional right to counsel in habeas proceedings, let alone a fifth motion for Rule 60 relief from a habeas judgment. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a

---

[2]   Mr. Barkley cites the malpractice action with a 2014 docket number, ESX-L-6512-14.

5

court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

The appointment of counsel is not warranted in this case. As described above, Mr. Barkley's Rule 60(b) motion is being denied because the issues he raises either constitute a second or successive habeas petition, over which the court lacks jurisdiction, or fail to meet the high standard for Rule 60(b) relief.

## V. CERTIFICATE OF APPEALABILITY

The Court declines to issue a Certificate of Appealability because Mr. Barkley has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

## VI. CONCLUSION

For the foregoing reasons, Mr. Barkley's motion for relief from judgment will be denied as will his motion for the appointment of pro bono counsel. An appropriate order will be entered.

DATED: September 8, 2016

KEVIN MCNULTY
United States District Judge