UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RASHAUN BARKLEY, | : | |
| Petitioner, | : | Civ. No. 01-4530 (KM) |
| v. | : | |
| ALFARO ORTIZ, et al., | : | OPINION |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Rashaun Barkley, is a state prisoner. His *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied on the merits. Mr. Barkley then filed a motion for relief from that judgment pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), and (6). I denied that motion on September 8, 2016. Presently pending before this Court is Mr. Barkley's motion for reconsideration of that denial. The Clerk will be ordered to reopen this case so that I can rule on the pending motion for reconsideration. For the following reasons, the motion for reconsideration will be denied.

## II. BACKGROUND

As I noted in the September 8, 2016 opinion:

> Mr. Barkley's habeas petition was denied in 2004. In 2006, the United States Court of Appeals affirmed that decision. Thereafter, Mr. Barkley filed several motions for relief from judgment. They were denied in April, 2011, June, 2011, January, 2012, and June, 2012, respectively. The Court noted in the June, 2012 Order, that while Mr. Barkley styled his motion as a Rule 60(b) motion, it actually constituted a second or successive § 2254 habeas petition that lacked the required authorization from the Third Circuit to be filed.

(Dkt. No. 85 at p.1) In April, 2016, Mr. Barkley filed another Rule 60(b) motion. That motion was assigned to me in light of Judge Hochberg's retirement from the bench. The motion raised two issues. First, Mr. Barkley asserted that since his habeas petition, he has learned that there was possibly a plea offer that was never relayed to him by his defense counsel. Second, Mr. Barkley asserted that his entire file had either been lost or destroyed by the Public Defender's Office or his previous defense counsel.

In denying this Rule 60(b) motion, I noted that Mr. Barkley could not rely on Rule 60(b)(1) or 60(b)(3), as both of those rules require the petitioner to bring the motion no more than a year after entry of judgment. Thus, Mr. Barkley could rely only on the catchall Rule 60(b)(6), which permits a party to obtain relief form a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

I determined that Mr. Barkley was not entitled to relief under Rule 60(b)(6). Most relevant to the pending motion for reconsideration, I explained that I lacked jurisdiction to consider his claim that counsel was ineffective for failing to relay a plea offer to him. (*See* Dkt. No. 85 at p.4) I lacked jurisdiction over this claim because it constituted a challenge to his underlying conviction. Therefore, it constituted a second or successive § 2254 petition that lacked the required authorization from the Third Circuit to be filed. (*See* Dkt. No. 85 at p.4)

Mr. Barkley's motion for reconsideration appears to challenge this denial by repeating his contention that his defense counsel failed to relay a plea offer. He further requests the appointment of counsel.

### III.  LEGAL STANDARD ON MOTION FOR RECONSIDERATION

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the

Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004). Additionally, Rule 59(e) requires that it be filed within twenty-eight days after the entry of judgment. *See* FED. R. CIV. P. 59(e).

### IV. DISCUSSION

A. <u>Merits</u>

Mr. Barkley's contentions are not properly considered on a motion for reconsideration, because they contain nothing that was not, or could not have been, raised on the earlier motion.

Nevertheless, I will briefly discuss the merits. As noted in my previous opinion:

> [W]here, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(b). The Third Circuit has explained that,
>
>> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However,

3

> when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

*Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1–2 (D.N.J. Aug. 3, 2016).

Mr. Barkley's Rule 60(b) motion constituted a challenge to his underlying conviction. Although styled a Rule 60(b) motion, it was in fact a second or successive § 2254 petition. Such a second or successive petition cannot be filed without authorization from the United States Court of Appeals for the Third Circuit. Accordingly, the Rule 60(b) motion was properly rejected. Nothing in the motion for reconsideration suggests that my holding was incorrect. For the same reasons, then, this motion for reconsideration will be denied.[1]

B. Request to Appoint Counsel

Mr. Barkley requests the appointment of counsel in his motion for reconsideration. A petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

---

[1] As I noted in my previous opinion, Mr. Barkley is free to seek leave from the Third Circuit to file a second or successive habeas petition, if he has not already done so.

4

The appointment of counsel is not warranted. As described above, Mr. Barkley's motion for reconsideration must be denied on threshold grounds. Therefore, his request for the appointment of counsel will also be denied.

C. Certificate of Appealability

I decline to issue a certificate of appealability because Mr. Barkley has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

## V. CONCLUSION

For the foregoing reasons, Mr. Barkley's request for the appointment of counsel and his motion for reconsideration will be denied. A certificate of appealability shall not issue. An appropriate order will be entered.

DATED: April 26, 2017

KEVIN MCNULTY
United States District Judge