UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHAUN BARKLEY, | : |
| Petitioner, | : Civ. No. 01-4530 (KM) |
| v. | : |
| ALFARO ORTIZ, et al., | : OPINION |
| Respondents. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Rashaun Barkley, is a state prisoner who commenced this habeas proceeding pro se in 2001. Presently pending before this Court is a sixth motion by Mr. Barkley seeking relief from the order denying his habeas petition, under Federal Rule of Civil Procedure 60(b). (DE 91.) For the following reasons, the motion will be denied.

## II. BACKGROUND

United States District Court Judge Faith S. Hochberg denied Mr. Barkley's petition for writ of habeas corpus on its merits in August 2004, and the Court of Appeals for the Third Circuit affirmed that decision in 2006. Thereafter, Mr. Barkley filed several motions for relief from judgment under Rule 60(b). Judge Hochberg denied Rule 60(b) motions by Mr. Barkley in April 2011, June 2011, January 2012, and June 2012. In each denial, Judge Hochberg construed Mr. Barkley's motion as an attempt to file a second or successive habeas petition, which the Court may not consider absent authorization by the Court of Appeals. (*See* DE 57, 67, 78, 81.)

In April 2016, following Judge Hochberg's retirement, Mr. Barkley filed another Rule 60(b) motion, which was assigned to me. In that motion, Mr. Barkley asserted that, following the

denial of his habeas petition, he learned of a plea offer that his trial counsel had rejected without first presenting it to him. Furthermore, he alleged that his entire trial file had been lost or destroyed by the Public Defender's Office or his defense counsel. (*See* DE 84.)

On September 8, 2016, I denied that motion. (DE 85, 86.) In that opinion, I explained:

> To the extent that [Mr. Barkley] asserts that counsel was ineffective for failing to relay a plea offer to him, he is challenging the underlying conviction. As described above, this is not an appropriate subject of a Rule 60(b) motion; it is in substance a second or successive habeas petition. Mr. Barkley does not assert that he has received authorization from the United States Court of Appeals for the Third Circuit for such a second or successive petition. Accordingly, this Court is without jurisdiction to address the claim.

(DE 85 at 4 (citation omitted).) I noted, however, that Mr. Barkley "also appears to be challenging this Court's initial denial of his habeas petition by asserting that this Court did not have access to his trial file." (*Id.*) I concluded that, though this could be considered an argument aimed at vacating his habeas denial, Mr. Barkley had failed to demonstrate the "extraordinary circumstances" needed to justify relief under Rule 60(b)(6). (*Id.* at 4–5.)

I subsequently denied a motion by Mr. Barkley for reconsideration of the order denying his Rule 60(b) motion, finding that his "contentions are not properly considered on a motion for reconsideration, because they contain nothing that was not, or could not have been, raised on the earlier motion." (DE 89 at 3.) As Judge Hochberg had done previously, I explained as follows:

> Mr. Barkley's Rule 60(b) motion constituted a challenge to his underlying conviction. Although styled a Rule 60(b) motion, it was in fact a second or successive § 2254 petition. Such a second or successive petition cannot be filed without authorization from the United States Court of Appeals for the Third Circuit. Accordingly, the Rule 60(b) motion was properly rejected.

(*Id.* at 4.) I additionally reiterated that "Mr. Barkley is free to seek leave from the Third Circuit to file a second or successive habeas petition." (*Id.* at 4 n.1.)

2

### III. THE PRESENT MOTION

Mr. Barkley has now filed another motion in which he seeks relief from judgment under Rule 60(b). (*See* Pet.'s Mem. in Supp., DE 91 at ECF pp. 5–16 [hereinafter, "Pet'r's Mem."].) He alleges that in June 2016 he received additional case documents from the Essex County Clerk, including a pre-trial order dated December 13, 1993, which "states in black ink at the top . . . that a plea of 20/10 was offered by the State." (Pet'r's Mem. at 3.) Mr. Barkley has included a copy of this order, which bears the signatures of his trial counsel, the prosecutor, and the presiding judge; Mr. Barkley stress that, although it includes a line for the defendant to personally sign, it does not bear his signature. (*Id.*; *see also* Ex., DE 91 at ECF p. 22.)

Mr. Barkley also asserts that, in July 2016, he obtained a certification by the prosecutor in his criminal case, now-New Jersey Superior Court Judge Stephen J. Taylor, confirming that he communicated a plea offer for a 20-year sentence with a 10-year parole disqualifier to defense counsel. (Pet'r's Mem. at 5.) Mr. Barkley has included a copy of this certification, in which Judge Taylor states that "Barkley verbally rejected this offer and refused to sign the Pre-Trial Order." (Ex., DE 91 at ECF pp. 69–71.)

Mr. Barkley indicates that he filed a motion for a new trial on July 7, 2016, which the state court converted to a petition for post-conviction relief ("PCR") and subsequently denied. (Pet'r's Mem. at 5–6.) The New Jersey Superior Court, Appellate Division, affirmed the denial, and the Supreme Court of New Jersey subsequently denied a petition for certification. (*Id.* at 6.)

As in his fifth Rule 60(b) motion, Mr. Barkley asserts that the State violated Rule 5 of the Rules Governing § 2254 Cases because it failed to submit the entire state-court record. (*Id.* at 8–10.) He contends that he 'was never made aware of the plea offer until years after the trial," and that "the state withheld the evidence of the existence of a plea." (*Id.* at 9–10.) Mr. Barkley

contends that this motion should not be construed as a second or successive habeas petition because it is not a collateral attack on his conviction. (*See id.* at 10–11.) Instead, he urges, he seeks relief from the 2004 habeas denial "based on the fact that the court[']s judgment was founded primarily on an erroneous determination of the facts of the state court due to the intentional omission of the relevant state court record." (*Id.* at 11.)

Respondents have opposed this motion, relying on their prior filings and asserting that Mr. Barkley "again presents no basis to disturb any of this Court's previous orders." (DE 93.)

## IV. DISCUSSION

Federal Rule of Civil Procedure 60(b) states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Mr. Barkley expressly seeks relief under the catch-all provision of Rule 60(b)(6). As noted in my opinion denying the fifth Rule 60(b) motion, "where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act." (DE 85 at 3 (quoting

4

*Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1–2 (D.N.J. Aug. 3, 2016)).) In *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004), the Third Circuit explained,

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Id.* at 727.

Mr. Barkley's central argument for relief from judgment, that Judge Hochberg denied his habeas petition without seeing all relevant trial documents, is substantively unchanged from that asserted in his fifth Rule 60(b) motion. The only difference now is that Mr. Barkley subsequently[1] obtained more trial documents that he contends support his claims. The additional evidence, however, does not lend any support to an attack on "the manner in which the earlier habeas judgment was procured." *Pridgen*, 380 F.3d at 727. Rather, this evidence pertains only to the argument Mr. Barkley first asserted in his fifth Rule 60(b) motion that his trial counsel provided ineffective assistance by rejecting a plea offer without consulting Mr. Barkley. Thus, Mr. Barkley's new arguments and evidence fail to meet the high 'extraordinary circumstances' standard required for relief under Rule 60(b)(6). They do not have any bearing on Judge Hochberg's denial of Mr. Barkley's habeas petition, because the relevant claim simply was not presented at that time. (*See* ECF No. 1.)

The only way in which Mr. Barkley's new evidence may pertain to his case is as support for a newly asserted claim of ineffective assistance of counsel. A new claim for relief may only

---

[1] Although Mr. Barkley indicates that he obtained these documents after filing his fifth Rule 60(b) motion, it seems he had them at least two months before I issued the opinion and order denying that motion. (*See* Pet.'s Mem. at 3, 5.)

5

be asserted in a second or successive habeas petition authorized by the appropriate Court of Appeals. *See* 28 U.S.C. § 2244(b). Yet Mr. Barkley expressly disclaims any desire to pursue this avenue of relief. Indeed, he stresses in his supporting memorandum that he "is not seeking to collateral[ly] attack the underlying conviction." (Pet.'s Mem. at 11.) In any case, this Court is without jurisdiction to address this new claim. Given Mr. Barkley's clearly expressed desire *not* to pursue a second or successive habeas petition, I do not find it in the interest of justice to transfer this motion to the Third Circuit as a request to file such a petition under 28 U.S.C. § 1631. As he has been previously instructed, Mr. Barkley is free, of course, to independently file a request with the Third Circuit for authorization to file a second or successive habeas petition.

The Court declines to issue a Certificate of Appealability because Mr. Barkley has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

## V. CONCLUSION

For the foregoing reasons, Mr. Barkley's sixth Rule 60(b) motion for relief from judgment will be denied. An appropriate order will be entered.

DATED: September 13, 2019

KEVIN MCNULTY
United States District Judge